The opinion of the court was delivered by
Duncan, J.
The state of this case is so well known, as to make it unnecessary to repeat it.
The exception, as to the reception of George Wesfs will, is relinquished. Whether that part of the 9th section of the act of the 1st of April, 1785, with respect to the duty of a surveyor, in making a survey, is confined to lands within the new purchase,— is not a question of much importance in this case, for it is but a repetition of the former usage of the land office. The same direction is contained in the instructions of the surveyor-general to his deputies, which usages were adopted by the state, by the act of the 1st of April, 1784, for opening the land office, for granting and disposing of the unappropriated lands of the state, all the proceedings of which are to be “ as theretofore, according to the custom and usages of the land office.”_
If this part of the section did apply, it is but directory, and the omission to mark all the lines does not avoid the survey,, while that part of the section, declaring, that, if a survey is made before the warrant comes to the hands of fhe deputy, it is void, is imperative, and it is absolutely void. M‘Rhea v. Plummer, 2 Binn. 231. And the reason of this distinction is evident, for it is the duty of the owner to place his warrant in the hands of the deputy; *384 but where he has dons so, and taken him to the ground, covered by his warrant, then, if the surveyor performs his duty in a careless and slovenly manner, and enters the same, without marking the lines, it would be against all reason and justice, to make void the survey, for that one plea, and the legislature have not done so.
If it appears by marks on the ground, marks sufficient to show j the hand of the surveyor, and the survey is returned, omnia presumuntur rite esse acta, and where the return has lain for years in the office undisturbed, without any opposing claim or possession, more particularly where the owner has paid the public ‘.taxes, the presumption is a violent one, and so ought always to be left to the jury, of the survey being a regular one, though all the marked lines are not at a distant day to be foutjd on the ground; and after twenty-one years, by analogy to all presumptions, for myself, and.... as my own opinion, I would consider it as a presumption of law, and, like livery of seisin, it ought to be presumed. But, as the court stated in general terms that no part of that act extended to any other lands than those lately purchased from the Indians; and, as the direction of the court is assigned for error, it is necessary for the court to decide that question. So far as the decisions have gone, confining the act to these limits, I consider the law as settled. There are several sections, and some parts of sections, which, from their nature, must refer to the purchase, and must be so considered. The 15th section, particularly, was decided in Wright’s Lessee v. Wells, 2 Smith, 201. In M‘Rhea v. Plummer, 1 Binn. 227, the present Chief Justice said, he would give no opinion, whether the acts extended to surveys made on other lands than those lately purchased of the indians; and Judge BrackenriPge said, he had no doubt that it did. With respect to the marking ■ of lines, this was decided at Pittsburg, September, 1807. Before that, in 1806, at Philadelphia, in Woods v. Ingersoll, 1 Binn. 146, where the question directly arose, on the compensation of a surveyor, it was taken for granted, both by the counsel and court, that it did. The Chief Justice and Justice Yeates, who disagreed on the main question, yet concurred in opinion, that it did apply to all surveys, and that the surveyor was not entitled to the full fees when he had not marked the interior lines of a large body granted to a company, though such returns of survey, when acr cepted, would be valid. And, at the trial of the same cause again, M‘Dowell, Executor of Woods, v. Ingersoll, decided on the same principle, by Mr. Justice Gibson, in 1819, at nisi prius, and, on 3 motion for a new trial, the same doctrine was held. 5 Serg. & Rawle, 101. It clearly appears, from the several provisions of the act, that certain parts of the act apply to all lands, while others, from their very nature, are confined to the new purchase; and of “this nature is that part of the ninth section, which enacts that if a survey is made before the warrant comes to the hand of the surveyor, such survey shall be void. This would relate to the lottery *385 warrants which did not describe ány lands were all of the same date, and the priority of situation depended on the lottery, and the right of the warrantee to any particular spot depended on the time of- delivery to the deputy surveyor, and locating it in his books by a description of some particular place within his district; whereas a common warrant was directed to the surveyor general, describing.the land, who directed it for execution to the deputy of the district, and the right attached from the date of the warrant, and if there was a warrant in existence to justify the survey, when it was made, the survey is goo.d, though the warrant had not reached the hands of the deputy of the district. The jury might be led to believe, from this general instruction of the court, that there was no law requiring a survey to be-madé by going on the ground, though there was no particular mark designating the particular survey or exterior lines of a body of land including-it, and that the survey would have been good, though no' chain had ever been stretched on it; still the survey would have been good, without any boundary or monument. In this there would be error, as it would tend to mislead the jury.
' The charge of the court, excepted to in the third specification of error, as to the non-production- of the warrants and surveys of the block of 43 surveys whose exterior lines are alleged to have been marked, was in order to bring the well settled doctrine, that surveys of large bodies of land of companies or individuals, though the interior lines of each tract have not been run or marked, to bear on the case; for it was incumbent on the plaintiffs to prove this as a fact, that there was such block of surveys made for such companies or individuals, and that fact was to be proved by the best evidence in the party’s power, and that was the warrants and surveys. It was not, as the court"supposed, a question of boundary, but a fact, — a fact, capable of proof, not by reputation or by diagram, but by giving in evidence the official documents, always with the party’s power.
The fifth and sixth specifications are in fact .contained in the third. In all other parts, the opinion of the court and answers to the propositions of the plaintiff in error were correct. The matter of actual survey was fairly left to the jury, with a recommendation, which could not be too strong, to the jury to find such survey; but, for the reasons before given, the judgment is reversed and a venire facias de novo awarded.
Judgment reversed, and a venire facias de novo awarded.